IN THE MATTER OF: ETHEL MAE GOODSON HIATT, RESPONDENT

No. 799DC646

(Filed 19 February 1980)

**Insane Persons § 1.2— voluntary commitment—concurrence by court—finding required**

> Under G.S. 122-56.7(b) before a court can concur with a voluntary commitment for an incompetent, it must find that the incompetent is mentally ill or an inebriate and is in need of further treatment at the treatment facility.

APPEAL by respondent from *Wilkinson (C. W.), Judge.* Order entered 15 March 1979 in District Court, GRANVILLE County. Heard in the Court of Appeals 31 January 1980.

This is a proceeding under G.S. 122-56.7. The respondent, who has been adjudicated non compos mentis, was voluntarily admitted to John Umstead Hospital upon the petition of her legal guardian. After hearing evidence, the court held that respondent was in need of further treatment at John Umstead Hospital and ordered that she be allowed to continue voluntary hospitalization and treatment. Respondent appealed.

In re Hiatt

*Attorney General Edmisten, by Assistant Attorney General Christopher S. Crosby, for the State.*

*Susan Freya Olive for respondent appellant.*

WEBB, Judge.

In this case the court in its order, concurring with the voluntary commitment of the respondent, did not make a finding that the respondent was mentally ill. The only question raised by this appeal is whether the court erred in ordering respondent's continued voluntary hospitalization and treatment without such a finding. We hold this was error. G.S. 122-56.7 provides:

> (a) A hearing shall be held in district court in the county in which the treatment facility is located within 10 days of the day a minor or a person adjudicated non compos mentis is admitted to a treatment facility pursuant to G.S. 122-56.5. No petition shall be necessary; the written application for voluntary admission shall serve as the initiating document for the hearing.
>
> (b) The court shall determine whether such person is mentally ill or an inebriate and is in need of further treatment at the treatment facility. Further treatment at the treatment facility should be undertaken only when lesser measures will be insufficient. If the court finds by clear, cogent and convincing evidence, that these requirements have been met, the court shall concur with the voluntary admission of the minor or person adjudicated non compos mentis. If the court finds that these requirements have not been met, it shall order that the person be released. A finding of dangerousness to self or others is not necessary to support the determination that further treatment should be undertaken.

We hold that under G.S. 122-56.7(b) before a court can concur with a voluntary commitment for an incompetent, it must find that the incompetent is mentally ill or an inebriate and is in need of further treatment at the treatment facility. In the case sub judice, the court found the respondent was in need of further treatment

---

*In re Hiatt*

---

at the treatment facility. It made no finding as to mental illness or inebriacy. It was error to concur in the voluntary commitment without such a finding.

Reversed.

Judges PARKER and ARNOLD concur.